UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEAR RIVER BAND OF ROHNERVILLE RANCHERIA,

    Plaintiff,

v.

STATE OF CALIFORNIA, and Gavin Newsom in his official capacity as Governor of California,

    Defendants.

No. C 20-05574 WHA

**ORDER GRANTING DEFENDANTS' MOTION TO CHANGE VENUE**

Plaintiff Bear River Band of Rohnerville Rancheria, a federally recognized Indian Tribe located in Humboldt County within the Northern District of California, brought this action against the State of California and Gavin Newsom in his official capacity as the Governor of California, alleging a failure to negotiate in good faith under the Indian Gaming Regulatory Act ("IGRA"). Pursuant to Section 1404(a) of Title 28 of the United States Code, defendants move to transfer this action to the United States District Court for the Eastern District of California where related actions brought by other Indian Tribes are pending. For the reasons stated herein, defendants' motion is **GRANTED**.

In 1999, plaintiff and many other federally recognized Indian Tribes negotiated similar gaming license compacts with the State of California. Those compacts expire in December 2020 with automatic extensions to June 2022 unless further compacts are agreed to. In 2014, plaintiff and these other tribes formed the Compact Tribes Steering Committee ("CTSC") to

negotiate with California, as a group, for renewed class III gaming compacts. In 2019, after years of failed negotiations, five of the CTSC tribes withdrew and jointly filed suit against defendants, alleging they violated the IGRA for failing to negotiate in good faith. *See Chicken Ranch Rancheria v. State of California*, No. 1:19-cv-00024 (E.D. Cal.) (Judge Anthony W. Ishii). Meanwhile, the negotiations between CTSC and California continued.

Then, in July 2020, four other tribes, including plaintiff, withdrew from CTSC. Those tribes then individually made compact offers to the state, which the state rejected. In August 2020, therefore, plaintiff and the other three tribes filed suits against defendants, also alleging a failure to negotiate in good faith under the IGRA. All four tribes are represented by the same counsel. While three of these tribes filed their suits in the Eastern District of California, plaintiff brought this related action in this district.

All of the actions in the Eastern District have now been related and assigned to Judge Anthony Ishii based on a finding that they "in part, involve the same transaction or event and involve similar questions of fact and law" (Dkt. No. 21 at 2). Judge Ishii's unpublished order relating the Eastern District actions was entered after state defendants submitted their reply brief. Accordingly, state defendants bring a motion for leave of court to file their request for judicial notice of that order (Dkt. No. 20). Plaintiff does not oppose. Defendants' motion is thus **GRANTED**. So, too, is their request for judicial notice of Judge's Ishii order relating said actions. *See* FRE 201(b); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (a court may take judicial notice of "matters of public record.").

Defendants argue that this action should be transferred to the Eastern District and, too, be assigned to Judge Ishii because doing so will advance judicial economy, provide a more convenient forum for the parties, and avoid the risk of inconsistent rulings. This order agrees.

A district court may transfer an action to another district "[f]or the convenience of the parties and witnesses" and "in the interest of justice" if original venue would have been proper in that district. 28 U.S.C. § 1404(a). Under this Section, a district court has discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of

convenience and fairness.' " *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citation omitted).

Here, it is undisputed that this action could have originally been brought in the Eastern District because state defendants are located in Sacramento. Moreover, the convenience of the witnesses favors neither party, as bad-faith actions under the IGRA are adjudicated based on the "record of negotiations[.]" *See Rincon Band of Luiseno Mission Indians of Rincon Reservation v. Schwarzenegger*, 602 F.3d 1019, 1041 (9th Cir. 2010). Indeed, neither party has identified any witnesses in this action.

But the other factors all favor transfer. For one thing, transferring this action to the Eastern District to be related to the other tribes' suits will provide a more convenient forum for all the parties. State defendants are already defending against the same allegations by other tribes in that district. Given that plaintiff is represented by the same counsel as three of the other tribes in the Eastern District, litigating this action there, as a practical matter, is also more convenient for plaintiff notwithstanding that plaintiff itself is located in this district.

Crucially, the "interest of justice" heavily favor transfer. Having one judge hear all these related actions will lead to judicial economy and efficiency, assure consistent rulings and reasoned reconciliation of slight difference amongst these actions, and allow for a single settlement judge or mediator to affect comparatively equitable settlements amongst the various tribes. All these IGRA actions involve, in large part, the years long records of negotiations between CTSC and the state, which have already been compiled in front of Judge Ishii in *Chicken Ranch*. Given that cross-motions for summary judgment have already been filed and heard in *Chicken Ranch*, Judge Ishii is already familiar with the overlapping facts and legal issues. Consequently, transferring this action so that it can be related and assigned to Judge Ishii will expedite this litigation.

Indeed, plaintiff concedes as much. Rather, plaintiff's concern is that there will be no guarantee that its action will be assigned to Judge Ishii upon transfer to the Eastern District. Given that all the newly brought actions there have now been ordered related to *Chicken Ranch*

and reassigned to Judge Ishii, however, this action, too, will in all likelihood be related and assigned to him as well.

In its opposition, plaintiff mainly argues that deference must be shown to its choice of forum. True, plaintiff has decided to sue in its home forum and that choice requires us to show deference. But, the considerations discussed above, particularly during a pandemic, justify transfer and outweigh that deference. The forum selection clause in plaintiff's 1999 compact, stating that plaintiff "may" bring suit in the district where its gaming facility is located does not alter this conclusion (Opp. 5). The clause is merely permissive, not mandatory.

For the foregoing reasons, defendants' motion to change venue is **GRANTED**. The clerk shall transfer this action to the United States District Court for the Eastern District of California. Finding oral argument unnecessary, the October 29 hearing is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: October 26, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE